CONNER BRYSON, APPELLANT, v. M. A. BRIDGES, APPELLEE.

Questions of fact only are involved. A deed that was not delivered voluntarily and was obtained by deception was properly set aside upon prompt application.

This case was decided by Division A.

Appeal from the Circuit Court for Suwannee County.

The facts in the case are stated in the opinion of the Court.

*Ira J. and H. E. Carter*, for Appellant.

*J. B. Johnson* (with whom was A. E. Leslie on the brief), for Appellee.

COCKRELL, J. The appellee as complainant filed her bill to cancel a deed to a certain lot in Bryson's addition to Live Oak, upon the ground of fraud in the procurement thereof by Conner Bryson. No questions of law are raised but the apellant relies solely and wholly upon the weight of the evidence which he asserts is insufficient to overcome the effects of the sworn answer, and that therefore the decree of cancellation was error.

Our reading of the evidence, which has been carefully studied, leads us to the conclusion that the decree was correct, either upon the theory that there was no delivery of the deed in the sense of a voluntary surrender by the grantor, or upon the theory that there was such deception practiced both actively and passively by the would be grantee as to entitle the complainant to relief.

It is not thought necessary to detail the evidence. Mrs. Bridges is fortified and corroborated by other witnesses in every substantial allegation of the bill and her testimony bears the ear marks of truth, while that of the defendant is impeached by his own contradictions and evasions and by the mouths of others. The haste on his part to get the deed and have it recorded, and utter indifference thereafter to remedy a description only too clearly disclosed, as also the promptness with which the complainant sought her legal remedy are noteworthy. We are not dealing with a case of a mere failure to fulfill a promise but a deception as to an existing fact, and the citations for appellant do not apply.

The decree is manifestly correct and will be affirmed.

SHACKLEFORD, C. J., and WHITFIELD, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.