W. D. HOUSTON, *Appellant*, v. JOHN ADAMS AND BESSIE
ADAMS, HIS WIFE, OBIE ADAMS AND LILA ADAMS, HIS
WIFE, J. A. RICHBOURG AND HIS WIFE NANNIE RICH-
BOURG, M. D. BARNETT AND EVIE BARNETT, HIS WIFE,
AND CHARLES FORMAN, *Appellees*.

## Opinion Filed March 12, 1923.

1. Where a deed is acquired from an escrow holder by fraudu-
   lent means, there is no delivery. A deed takes effect from de-
   livery, and without delivery it is not a deed.

2. The fraudulent procurement of a deed deposited as an escrow
   from the depository by the grantee named therein will not op-
   erate to pass the title, and a subsequent purchaser of such
   grantee for a valuable consideration without notice, derives no
   title thereby, and will not be protected.

3. Where a deed is placed in escrow to be delivered only upon the
   happening of certain contingencies, and where such a deed is
   obtained from the escrow holder by fraud or by theft, the
   grantor is no more liable to be deprived of his property by
   such wrongful act than he would be if he had deposited the
   deed in an iron safe which had been broken into and the deed
   stolen.

An Appeal from the Circuit Court for Okaloosa County;
A. C. Campbell, Judge.

Decree reversed.

*W. J. Riwe* and *Kehoe & Adams*, for Appellant;

*Carter & Carter*, for Appellees.

BROWNE, J.—W. D. Houston contracted to sell to Jno.
Q. Adams and Obie Adams certain real estate in Okaloosa

County for a consideration of $4,500.00; $200.00 to be paid in cash; one note for $200.00 payable on November 1, 1919, and one note for $4,140.00 payable on January 23, 1929. The grantees were to pay all taxes subsequent to 1919, and their failure to pay either the interest or taxes when due would work a forfeiture of the contract, and the grantor would have the right to take immediate possession of the land. The contract further provided that whenever the grantor showed that the grantees had failed to keep their part of the contract, the deed was to be delivered to Houston; and whenever John Q. Adams and Obie Adams presented to the bank the paid notes referred to in the agreement, the deed was to be delivered to them. The deed with a copy of the contract was deposited with L. M. Bourgeois, cashier of the Bank of Crestview, acting for the bank.

The bill alleges that "it was understood between the parties to said deed and L. M. Bourgeois, cashier of the Bank of Crestview, acting for said bank, that said deed was not a completed transaction and that the same was not fully executed and that the same was not to be delivered by said bank or to be received by the grantees or any person claiming under them until said deed was fully executed according to law, and until the full purchase price had been paid."

It appears from the bill that the deed was fraudulently procured from the bank by J. A. Richbourg and M. D. Barnett and by them placed on record, and that John Q. Adams and Obie Adams fraudulently executed to Richbourg and Barnett a warranty deed to the land, and caused such fraudulent deed to be recorded, and that Richbourg and Barnett fraudulently executed a mortgage for $2,250.00 on the property, to one Chas. Forman, who has instituted foreclosure proceedings.

The bill seeks to restrain Forman from prosecuting foreclosure proceedings; to have the deeds from John Q. Adams and Obie Adams to Richbourg and Barnett, and the mortgage from Richbourg and Barnett to Forman, and the deed from Houston to John Q. Adams and Obie Adams, to be declared fraudulent and void, and that each of said deeds and mortgage be cancelled of record and the respondents be restrained and enjoined from claiming any interest in the land under said deeds and mortgage.

A demurrer to the bill was sustained and appeal from that order taken to this court.

Assuming that Forman was not advised of the fraudulent acts of the Adams and Richbourg and Barnett, the situation is presented where one of two innocent persons will lose.

There are certain well settled rules and principles of law and equity to guide us in determining upon which of the two innocent parties the loss shall fall.

The first proposition contended for by appellant is that the deed being acquired from the escrow holder by fraudulent means, there was no delivery; that a deed takes effect from delivery and without delivery it is not a deed. This principle is well settled by abundant authority.

In the case of Ogden v. Ogden, 4 Ohio St. 182, it was held: "Where C, after procuring the deed out of the hands of the person who held the same as an escrow, by unfair means, makes a mortgage on the same to a stranger, such stranger acquires no lien on the land which can be prior to the lien for the money which C was, by mortgage, to secure to A before he was entitled to the possession of the deed."

In·Everts v. Agnes and Swift, 4 Wis. 343, it was held: "It would seem that the fraudulent procurement of a deed deposited as an escrow from the depository, by the grantee named therein, will not operate to pass the title, and a subsequent purchaser of such grantee for a valuable consideration without notice, derives no title thereby, and will not be protected."

Other authorities holding the same are, Dixon v. Bristol Sav. Bank, 102 Ga. 461, 31 S. E. Rep 96; United States v. Payette Lumber & Mfg. Co., 198 Fed. Rep. 881; Henry v. Carson, 96 Ind. 412; Burnap v. Sharpsteen, 149. Ill. 225, 36 N. E. Rep. 1008; Smith v. South Royalton Bank, 32 Vt. 341; Forcum v. Brown, 251 Ill. 301; 96 N. E. Rep. 259; Berry v. Anderson, 22 Ind. 37; Jackson v. Lynn, 94 Iowa 151, 62 N. W. Rep. 704; Daggett v. Daggett, 143 Mass. 516, 10 N. E. Rep. 311.

The law recognizes the right of a person to execute a deed and place it in escrow to be delivered only upon the happening of certain contingencies, and where such deed is obtained from the escrow holder by fraud or theft, the grantor is no more liable to be deprived of his property by such wrongful act than he would if he had deposited the deed in an iron safe which had been broken into and the deed stolen.

It was through no default or negligence on the part of the grantor, whereby his equity was invaded and the subsequent equity of Forman created.

Under the facts in this case the doctrine that "where the equities are equal, the one who has the prior equity will prevail, is applicable." See 10 R. C. L. p. 287.

The court erred in sustaining the demurrer to the bill; and the decree is reversed.

TAYLOR, C. J., AND WHITFIELD AND ELLIS, J. J., concur.

WEST, J., concurs in the result.

WHITFIELD, J.—Concurring.

The deed purporting to convey land from Houston to John Q. Adams and Obie Adams was placed in escrow and the grantees paid a part only of the purchase price. Placing the deed in escrow was not a delivery of it to the grantees, and as the deed was never actually or constructively delivered by or for the grantor to the grantees, the deed did not operate to divest the grantor of his legal title. The effect of the escrow and the partial payment was to give the grantees an equitable interest in the land to the extent of the partial payment of the purchase price with a right to complete the purchase as agreed. The grantor's title remained in him subject to the equitable interest arising from the partial payment and the escrow agreement. Under these circumstances the grantor was not divested of his legal title to the lands and the grantees received no title by the fraudulent procurement of the deed from the escrow holder and the recording of the deed. As the grantees, the Adamses, acquired no title by virtue of the deed fraudulently obtained and recorded, they could convey no title to Richbourg and Barnett to be mortgaged to Forman, therefore the mortgage given to Forman is not upon the title held by Houston, of the equitable interest of the Adamses in the land passed to Richbourg and Barnett by virtue of the attempted conveyance of the land by the Adamses to Richbourg and Barnett, and the mortgage given by Richbourg and Barnett to Forman, covers such equitable interest, the mortgage of Forman cannot in law or equity affect the title of Houston, and as no act or con-

duct of Houston is shown to estop him from asserting his rights under his title, he has an equity for relief, no other adequate remedy appearing to be available.