CLARA LAVINIA WRIGHT (also Known as Vinnie Wright), Unmarried, and ELEANOR W. JENKINS, a Widow, v. HATTIE DEAN BLOCKER, an Incompetent, and WILLIAM CRAWFORD, as Curator of the Estate of Hattie Dean Blocker, and as Guardian of the Person of Hattie Dean Blocker.

198 So. 88

Division B

Opinion Filed October 11, 1940

*Earle B. Askew* and *Askew & Kiernan,* for Appellants; *Harris & Kennedy,* for Appellees.

CHAPMAN, J.—The record here discloses that on the 20th day of December, 1910, the last will and testament of Kate M. Dean was admitted to probate in Hillsborough County, Florida. The testatrix bequeathed and devised unto Hattie Dean Blocker, for and during her natural life, real estate situated in Pinellas County, Florida, and by the terms of said will, the remainder of said lands were bequeathed and devised unto Eleanor W. Jenkins, a widow, and Clara Lavinia Wright, the plaintiffs, and other named devisees, share and share alike. It was made to appear that Hattie Dean Blocker was an incompetent and William Crawford was appointed curator and guardian of her estate and person and appeared through counsel and defended the case at bar.

On the 31st day of July, 1912, there was recorded in Deed Book 19, at page 283, appearing in the office of the Clerk of the Circuit Court of Pinellas County a deed purporting to convey the lands situated in Pinellas County unto Hattie Dean Blocker, and the said deed bore the signature of the plaintiffs and other devisees named as remaindermen in the last will and testament of Kate M. Dean. A certified copy thereof was offered in evidence by the plaintiffs and identified in the record as plaintiffs' Exhibit No. 2.

On the 17th day of October, 1939, a bill of complaint was filed in the Circuit Court of Pinellas County, Florida,

seeking a permanent injunction from asserting title under the aforesaid deed on the ground that said deed had never been executed or delivered by the said plaintiffs and was a forgery and that plaintiffs had no knowledge of the recordation thereof until approximately six months prior to filing the suit at bar. Answers were filed denying each of the material allegations of the bill of complaint and a hearing was had before the Honorable T. Frank Hobson, Circuit Judge, on February 4, 1940. On a citation served on counsel for defendants below to produce for inspection and consideration of counsel for plaintiffs, the original deed, a return was made thereon by counsel for the defendants to the effect that the same was not in their possession and they were without knowledge as to where the same could be found.

The record shows proceedings before the court below, viz.:

"By Mr. Askew:

"Q. Mrs. Jenkins, I show you a certified copy of a record of what purports to be a deed recorded in Book 19, page 283, of the public records of Pinellas County, which bears the date of the 22nd of May, 1911, and purports to be a deed between you, Eleanor W. Jenkins, joined by your husband, John Jenkins, and others, as grantors, conveying the property described in the bill of complaint to Hattie Dean Blocker. I want you to examine this paper and tell the court whether or not you executed that deed the original of which that purports to be a copy? (Handing witness paper marked Plaintiffs' Exhibit 2 for identification.)

"Thereupon the witness examined the paper handed her by counsel.

"Q. Will you answer the question?

"A. I will answer the question. I did not sign that deed.

"Q. When is the first time, Mrs. Jenkins, you discovered that such a paper as this was on record?

"A. Last Spring. Last April, 1939.

"Q. Had you ever seen this paper or the original paper that was recorded until last Spring?"

"A. I never saw it until last Spring.

"Q. Which did you see then?

"A. Why, I saw that one, I suppose.

"Q. This paper here? (Indicating certified copy of deed.)

"A. That paper.

"Q. Have you ever seen the original paper purporting to carry your signature on it?

"A. No, sir.

"Q. Is Hattie Dean Blocker still living?

"A. Yes, she is still living.

"MR. ASKEW: The plaintiff offers in evidence this paper for the sole purpose of attacking the execution of the same. The paper referred to being the certified copy of the deed the witness has just examined and testified to and is the cloud upon the title of plaintiff which is referred to in the bill of complaint.

"MR. HARRIS: We object at this time to the introduction of that evidence in view of the statement of counsel it is offered solely for the purpose of attacking the execution. Under Section 4660 of General Statutes, it provides that 'after the lapse of twenty years from the recording of any deed or probate of any will purporting to convey lands no person shall assert any claim to said lands as against the claimants under such deed or will, or their successors in title.' Chapter 10171, Acts of 1925. The deed appears

on its face to have been recorded for more than twenty years.

"THE COURT: Mr. Askew, what do you gentlemen say about that?

"After argument of counsel, the Court sustained the objection of counsel for defendants.

"Q. Mrs. Jenkins, did you authorize anyone else to sign this paper for you?

"A. I did not.

"Q. Did you acknowledge this paper as your deed before Addison Arnold?

"A. I never met Addison Arnold.

"Q. Did you ever ratify this deed as your deed?

"A. I never saw it. I never heard of it.

"Q. Did you ever ratify it? Answer yes or no.

"A. No, I never did."

Other pertinent and material testimony was offered by the plaintiffs in support of the material allegations of the bill of complaint, but it is not necessary that the same be set out *in extenso* for the purpose of a decision of this case. The lower court sustained an objection to the introduction into evidence of plaintiffs' Exhibit No. 2 and dismissed the bill of complaint on the theory that the deed had been recorded for a period of more than twenty years and was such an instrument as was controlled by the provisions of Sections 4660 and 4661 C. G. L.

The question for decision by this Court as presented by the record is whether or not the provisions of Sections 4660 and 4661 C. G. L., being statutes of limitations, are applicable to and control a deed alleged to be a forged instrument, the same having been recorded as required by law for a period of more than twenty years? The lower court was of the opinion that the alleged forged deed fell squarely

within the provisions of Sections 4660 and 4661, *supra,* and so held by sustaining an objection based thereon to the introduction into evidence of the alleged forged instrument, and after sustaining the said objection entered an order dismissing the bill of complaint.

Counsel for appellants contend that the provisions of Sections 4660 and 4661, *supra,* are inapplicable and have no legal effect upon the theory that a forged deed is without validity, does not affect the title involved, and is not as a matter of law entitled to recordation and that the recordation law is applicable only to genuine instruments and not void deeds; and that the statutes here involved cannot be employed to bolster up a spurious deed, thereby making the statutes a vehicle of fraud to accomplish an unlawful act.

Devlin on Real Estate (3rd Ed.), Vol. 2, pages 1347 to 1349, par. 726, in treating forged deeds, said:

"726. FORGED DEEDS.—As forged deeds cannot affect the title to land, and, therefore, are not entitled to record, the provision of the statute that deeds affecting the title to land shall be void as against subsequent purchasers and creditors without notice, if not recorded has no application to deeds which are forged. Where a person signs a deed under the belief that he is signing a duplicate copy of a lease, never intending to sign a deed, the deed is a forgery, and no title passes thereby. The fact that a deed has been placed on record does not afford notice of any fraud that may have occurred in its execution. It is immaterial what the good faith of the party claiming under a forged deed may be, as no person can be deprived of his property by a forged deed. There can be no rights of a *bona fide* purchaser 'when the real owner of property stolen, or attempted to be stolen, from him has done nothing to lead the purchaser of it to buy it under the belief that it was

not stolen. Reliance on a forged deed, recorded on an absolutely false certificate of acknowledgment, may bring loss upon him who so relies, but neither such deed nor such certificate appended to it can ever affect the owner of the property.' As succinctly said: 'No man can be deprived of his property by a forged deed or mortgage, no matter what may be the *bona fides* of the party who claims under it.' Circumstantial evidence may be sufficient to prove the forgery of a deed."

The recordation of void or forged deeds is legally insufficient to convey notice and affords no protection to the claimants thereunder, and the rule is well expressed by Thompson on Real Property, Vol. 5, page 13, par. 4025, thusly:

"4025. Record of Void Instrument.—It is only instruments that have some validity, and that may in some manner affect real estate, that can be recorded legally. So the record of a void deed can not be invoked to support or bolster up a disputed title; for the record is worth no more than the original deed itself. Of course a forged deed is not entitled to record, and if such a deed is recorded it can not affect the title to the land. Since the recording laws apply to genuine instruments only, and not to forged ones, it was held that the record of a spurious deed never executed or acknowledged by the apparent grantor, though her signature thereto was genuine, but was obtained by fraudulent means, as was also the signature of the notary public, afforded no protection, as against the owner of the property, to persons who advanced money in reliance on the record."

Forged and altered instruments are treated by Vol. 16, Am. Jur., pages 451-452, pars. 26 and 27, viz.:

"26. Generally.—Forgery of an instrument may be de-

fined as the false making—the fabrication—of the instrument or the making of a material alteration in it with intent to defraud; and it is in this sense that the word 'forgery' is generally used in reference to deeds. Some courts have extended the definition of forgery to include the fraudulent procurement of one's signature to an instrument, and there are cases in which a signature to a deed procured by fraud has been termed a 'forgery.' Under this view, where the signature to a deed is obtained by a trick or device without the grantor having any knowledge or information that it is a deed, the instrument is a forgery. These courts do not, however, extend this rule to situations where the grantor's signature is procured by a false or fraudulent representation as to the payment of the consideration, where the grantor signs the instrument intending to convey his interest in the property described. Moreover, according to many authorities the procuring of a signature by fraud is not regarded as 'forgery.' This view has been held to be true where the grantor's signature to a deed was procured by fraud, even though the deed may be regarded as void in law.

"Any alteration of a deed by erasure or substitution of the name of the grantee is a material alteration and forgery just as is an unauthorized signing of the grantor's name. The procuring of a signature while the grantor is unconscious by touching his hand to the pen is no more than a forgery. Some courts also hold that it is forgery to procure the execution of a deed by fraud of the nature of the instrument.

"27. EFFECT.—A forged deed, in the sense defined above, is absolutely void and wholly ineffectual to pass title, even to a subsequent innocent purchaser from the grantee under such forged deed. A court of equity will intervene to order the cancellation of such an instrument even though

there may be legal remedy to establish title and obtain possession of the land by ejectment at law. The recording of such a deed gives it no effect as a conveyance of title. This rule applies where the forgery consists in the fact that the grantor was tricked into signing a deed believing it to be some other instrument; such instrument, when regarded as a forgery, is invalid in the hands of anyone to the same extent that it would have been if the grantor's signature had been actually forged by a third person. However, that the grantor's deed is procured by the grantee's fraudulent promise with regard to the payment to be made therefor does not render the deed void as against an innocent purchaser, although it may be voidable as against the grantee and his privies or those having notice of the nature of the transaction. See 8 R. C. L. 1029, 1030, par. 85; 18 C. J. 224, par. 138; Turner v. Nicholson, 115 Okla. 56, 241 Pac. 750.

We therefore hold that the provisions of Sections 4660 and 4661, *supra,* are inapplicable to forged deeds. It is settled law that the mere recordation of a forged deed does not affect the title to land as our recording statutes apply solely to genuine or lawful instruments. The statutes here involved should not be interpreted by this Court to be the instrumentality or the vehicle by which designing or unscrupulous persons could obtain a forged deed, cause the same to be recorded, and after the expiration of the twenty years prescribed by statute, successfully assert claims thereunder in a court of chancery. We do not think this was the intention of the Legislature in the enactment thereof. We have given consideration to the cases of Barnott v. Proctor, 128 Fla. 63, 174 So. 404, and Montgomery v. Carlton, 99 Fla. 152, 126 So. 135, and the other decisions wherein Sections 4660 and 4661, *supra,* have been construed.

The burden of proof of the forgery of the deed here involved rests on the plaintiffs and the statutes here involved should not be held inapplicable until the evidence adduced by the plaintiffs clearly establishes the said forgery. We think the lower court erred in sustaining the objection to the admission into evidence of the alleged forged deed on the ground that the same contravened the provisions of Sections 4660 and 4661 and dismissing the said cause. We refrain from expressing our views or conclusions as to the sufficiency of the evidence appearing in the record to sustain the material allegations of the bill of complaint.

The order appealed from is hereby reversed with directions for further proceedings in the lower court not inconsistent with this opinion.

It is so ordered.

WHITFIELD, P. J., and BROWN, J., concur.

BUFORD, J., concurs in opinion and judgment.

Chief Justice TERRELL and Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.