MELVIN, Associate Judge.
This is an appeal by plaintiffs, Earl L. Vance and Anita L. Vance, from a summary final decree entered against them and in favor of defendant, Pioneer Finance Corporation, in a mortgage foreclosure proceeding.
Plaintiffs sought to foreclose a real estate ' mortgage executed by defendants, Sebie Fields and Annie Mae Clark Fields to Welch and Gibson, trading as Home Additions Company. The mortgage is of date July 6, 1961, duly recorded July 10, 1961, and recites that it secures the payment of a note of even date executed by Fields to Welch and Gibson in the sum of $5,809.16. The note represents the total sum due by Fields to Welch and Gibson for certain improvements on Fields’ real property in *614 Gadsden County, Florida. Through some method not known to the parties now before the Court, Welch and Gibson obtained the signatures of Sebie and Annie Mae Clark Fields to a second note, dated July 7, 1961, for the same amount and terms of payment as the note of July 6, 1961.
The stipulation of the parties reveals that on July 14, 1961, Welch and Gibson sold and delivered to plaintiffs the Fields note of July 7, and on said date purported to assign to plaintiffs the Fields realty mortgage. Neither the original nor a copy of the mortgage was delivered to plaintiffs. Plaintiffs recorded their assignment on July 14, 1961. Thereafter, on July 17, 1961, Welch and Gibson sold and delivered to defendant, Pioneer Finance Corporation the Fields note of July 6, 1961, and also assigned and delivered to said defendant the Fields realty mortgage of said date. Pioneer Finance Corporation recorded said assignment on July 18, 1961. The Fields have paid all monthly installments when due to Pioneer Finance Corporation.
Plaintiffs instituted suit to foreclose the subject mortgage for failure of Fields to make any payment alleged to be due on the note of July 7. The Chancellor ruled, on motion for summary decree, that: (1) the subject mortgage was given only to secure payment of the Fields note of July 6, assigned to and owned by the defendant, Pioneer Finance Corporation; (2) the lien of first priority created by the mortgage dated July 6 is in favor of said defendant, and (3) the equities are in favor of said defendant and against the plaintiffs. The Chancellor dismissed the complaint with prejudice as to defendant, Pioneer Finance Corporation. The decree did not adjudicate the rights, if any, of plaintiffs against defendants, Sebie and Annie Mae Clark Fields.
The mortgage was given to secure payment of the note of July 6, 1961, and none other. Under the facts in this case, no assignment of the note of July 6 to plaintiffs was intended or accomplished. The mortgage is a mere incident of and ancillary to such note. Scott v. Taylor, 63 Fla. 612, 58 So. 30 (1912). An assignment of the mortgage without an assignment of the debt creates no right in the assignee. 6 Am.Jur.2nd, Assignments, Sec. 26, page 210; 22 Fla.Jur. Mortgages, Sec. 540, page 621, and the cases cited therein.
The recording by Vance of the ineffective assignment did not aid their cause. Recordation of an invalid instrument affords no protection to claimants thereunder. Wright v. Blocker, 144 Fla. 428, 198 So. 88 (1940); Poladian v. Johnson, 85 So.2d 140 (Fla.1955).
The decree appealed from is affirmed.
STURGIS, C. J., and CARROLL, DONALD K., J., concur.