318 So.2d 427 (1975)
Marie HOUSTON, Appellant,
v.
Thomas E. MENTELOS et al., Appellees.
No. 74-1550.
District Court of Appeal of Florida, Third District.
July 22, 1975.
Rehearing Denied September 11, 1975.
Sams, Anderson, Alper & Post, and Robyn Greene, Miami, for appellant.
*428 Smith, Mandler, Smith, Parker & Werner, and Joe N. Unger, Miami Beach, for Henry Gordon.
Robert E. Rutledge, Jr., South Miami, for Mentelos, Mentelos Electric Co., and Talbott, appellees.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
HAVERFIELD, Judge.
Plaintiff in the trial court appeals that portion of a final judgment determining defendant Henry Gordon to be a bona fide mortgagee for value, and finding that he held a lien to the amount of $70,253 in the property owned by the plaintiff.
Marie Houston, appellant herein, acquired title to the real property which is the subject matter of this litigation in April 1954, and in March 1972 was the record owner thereof when she was approached by the defendant Thomas E. Mentelos, who represented that he was an agent of Paramount Studios and expressed the desire to lease her property for use in filming a motion picture.[1] Subsequently, plaintiff and Mentelos orally agreed that the premises were to be leased for several months for $42,000.
On or about April 26, 1972 Mentelos presented to the plaintiff documents for her to sign and misrepresented that these documents embodied the terms of the oral lease agreement. Thereupon, plaintiff signed these two documents, one ultimately styled "Sale of Property Agreement" and the other styled "Warranty Deed" which described the subject realty, named plaintiff as grantor and designated defendant Mentelos as a grantee. On May 2, 1972 the deed was recorded in the public records of Dade County, Florida. In addition, defendant caused the document styled "Sale of Property Agreement" to be altered by the addition of language which made the document to read like a contract to convey the subject real property rather than a lease agreement. As of May 30, 1972 Mentelos had paid Marie Houston a total of $8,543.65 which she utilized to satisfy an existing second mortgage on her property and the 1971 real property taxes.
On May 16, 1972 Thomas Mentelos executed and delivered to the defendant Henry Gordon, appellee herein, and his wife a promissory note in the amount of $55,000. To secure said indebtedness Mentelos also executed and delivered to Gordon a mortgage deed on the subject realty. This mortgage was recorded on May 24, 1972. Prior to disbursing the $55,000 to Mentelos, Henry Gordon paid the following: (1) $16,186.07 to First Federal Savings & Loan Association in satisfaction of plaintiff's mortgage with that institution, (2) $3,151.08 to Evia L. Maxwell in satisfaction of a 1971 judgment rendered against plaintiff Marie Houston, and (3) $1,609.57 in payment of the sanitary sewer liens filed against the subject realty by the City of Miami.
At all times, plaintiff-appellant continued to reside on the subject realty and prior to the execution and delivery of the May 16, 1972 mortgage, defendant-appellee Gordon was informed of plaintiff's occupation of the premises by Mentelos. Nevertheless, Gordon made no inquiry of plaintiff as to her interest therein. Subsequently, in July 1972 Marie Houston discovered the fraud and thereupon filed a complaint against Mentelos, Gordon and others and prayed therein that the trial court rescind the "Sale of Property Agreement," cancel the "Warranty Deed" and the May 1972 mortgage to Henry Gordon, and award both compensatory and punitive damages against the defendants for slander of title. In response thereto, defendant Mentelos answered generally denying the allegations of fraud in plaintiff's complaint and then counterclaimed against plaintiff for slander *429 of title. This counterclaim upon proper motion of plaintiff was dismissed. Defendant Gordon upon proper motion succeeded in having plaintiff's claim for punitive damages against him stricken. He then filed his answer denying that he participated in the fraud and alleging that even if the deed had been procured by fraud, it was voidable rather than void and, therefore, his mortgage was a valid lien on the property. Gordon also filed a cross-claim against defendant Mentelos and claimed therein that if his mortgage was set aside, he was entitled to judgment against Mentelos in the amount thereof. Defendant Gordon then filed a counterclaim against the plaintiff and alleged that he had expended certain sums of money in satisfaction of liens and encumbrances on the property and prayed for an equitable lien therefor against the subject property. Plaintiff filed an answer denying that Gordon had a right to an equitable lien on her property.
In September 1972 Mentelos defaulted under the terms of the promissory note and mortgage delivered to Henry Gordon by failing to make the monthly payments due thereunder, and thereafter defendant Gordon filed an amended cross-claim against Mentelos and an amended counterclaim against Marie Houston seeking to foreclose the mortgage. Defendant Mentelos then filed an amended counterclaim against the plaintiff for impairment to and slander of his title. Plaintiff answered and denied the allegations thereof.
In this posture the case came on for trial without jury. After the conclusion of the trial, the judge entered his final judgment reciting extensive findings of fact and concluding as follows:
"CONCLUSIONS OF LAW
"1. The document ultimately styled `Sale of Property Agreement,' having been fraudulently obtained and having been materially altered after Plaintiff signed it, is voidable at the instance of the Plaintiff.
"2. The Plaintiff's signature on the `Warranty Deed' was obtained through the fraud of the Defendant, THOMAS E. MENTELOS, and is voidable in equity at the instance of the Plaintiff. Said fraud was perpetrated by the Defendant, THOMAS E. MENTELOS, upon the Plaintiff without the knowledge or participation of the Defendant, HENRY GORDON.
"3. The act of the Defendant, THOMAS E. MENTELOS, in causing the `Warranty Deed' to be recorded constitutes the tort of slander of title, and the Defendant, THOMAS E. MENTELOS, is therefore liable to Plaintiff in damages.
"4. The Defendant HENRY GORDON is a bona fide mortgagee for value, and as such was an innocent mortgagee, and had the right to rely on record title in making the mortgage loan in question."
Based upon the foregoing, the trial judge ordered and adjudged: (1) that the mortgage deed executed by Thomas Mentelos to Henry Gordon is a valid first mortgage on the subject real property of the plaintiff Marie Houston; (2) that the Warranty Deed executed by the plaintiff to defendant Mentelos be avoided and cancelled, and title to the subject realty be revested in Marie Houston subject to the first mortgage of defendant Henry Gordon; (3) that the "Sale of Property Agreement" be rescinded; (4) that defendant Thomas Mentelos is indebted to the defendant Henry Gordon in the sum of $55,000 plus interest and attorney's fees for a total of $70,253; (5) that defendant Henry Gordon holds a lien for the said above amount superior to any claim or estate of the plaintiff Marie Houston or the defendant Thomas Mentelos on the subject real property; (4) that if the total sum with interest at the rate prescribed by law *430 and all costs of this action accruing subsequent to the judgment were not paid within three days from the date thereof, then the property was to be sold at public sale; (5) that plaintiff recover $110,776.23 as compensatory damages against the defendant Thomas Mentelos and that plaintiff Marie Houston take nothing by this action from defendants Mentelos Electric Company, William Talbot and Henry Gordon.
Plaintiff Marie Houston appeals therefrom.
The issue central to this appeal is whether the warranty deed from Marie Houston to Thomas Mentelos is void as appellant Houston argues or voidable as the trial judge concluded.
Long ago our Supreme Court in Houston v. Adams et al., 85 Fla. 291, 95 So. 859 (1923) in effect held that in the absence of negligence on the part of a grantor, that if by trick or fraud an instrument other than the one which the grantor intended to sign is substituted and signed by the grantor, the instrument is void at law for there is a failure of delivery upon which a deed takes effect. See also Houston v. Forman, 92 Fla. 1, 109 So. 297 (1926); 10 Fla.Jur. Deeds § 101 (1973); 23 Am.Jur.2d Deeds § 142 (1965) and Annot., 11 A.L.R. 3rd 1074 (1967).
In the case before us, the trial judge reached the conclusion, which is supported in the record by competent substantial evidence that plaintiff's signature on the "Warranty Deed" was obtained through the fraud of the defendant Thomas E. Mentelos who misrepresented that the documents which plaintiff signed embodied the oral lease agreement. Implicit in that conclusion was the finding that there was no negligence or inattention on the part of the plaintiff-appellant. Hence, the deed is void and the fraudulent procurement thereof by Thomas Mentelos, the grantee named therein, did not operate to pass the title to the subject real property and, therefore, defendant-appellee acquired no lien thereon for the amount of the mortgage executed and delivered to him by defendant Mentelos. See Houston v. Adams, supra and 10 Fla.Jur. Deeds § 104 (1973).
Nevertheless, defendant-appellee Gordon having expended $20,936.72 to satisfy liens and/or encumbrances on the subject realty, we hold that appellee Henry Gordon is entitled to an equitable lien for said amount on plaintiff's property.
Those aspects of the judgment pertaining to the defendant Thomas E. Mentelos are affirmed. Accordingly, the judgment herein appealed is affirmed in part, reversed in part and remanded to the trial court with directions to enter an amended judgment consistent with the holdings hereinabove.
Affirmed in part, reversed in part and remanded with directions.
PEARSON, Judge (concurring specially).
I concur in the result reached but I would question the applicability of the "void-voidable" rule to the claim of the mortgagee. The distinction seems artificial. The real question is whether the mortgagee had a right to rely upon the public records showing a deed perfectly valid on its face. I would hold that the mortgagee did have a right to rely on the record title,[1] but that he lost that right when he was put on notice that the former owner was in possession. See Carolina Portland Cement Co. v. Roper, 1914, 68 Fla. 299, 67 So. 115 at 116, where the rule is stated:
"One who acquires title to or a judgment lien on land with constructive notice of the actual possession and occupancy of *431 the land by one other than the vendor or judgment debtor takes subject to such rights as proper inquiry will disclose the occupant of the land actually has therein. Possession, in order to be constructive notice of a claim of title to the land occupied, must be open, visible, and exclusive; and such occupancy may be shown by any use of the land that indicates an intention to appropriate it for the benefit of the possessor. Such use may be any to which the land is adapted, and is calculated to apprise the world that the property is occupied under a claim of right therein."
See also Marion Mortgage Co. v. Grennan, 1932, 106 Fla. 913, 143 So. 761, at 763, and Florida Land Holding Corp. v. McMillen, 1938, 135 Fla. 431, 186 So. 188, at 191, and cases cited thereat.
NOTES
[1] Plaintiff previously had leased her property to 20th Century Fox for the filming of the motion picture "Tony Rome."
[1] Cf. Certain Lands, etc. v. Ideal Farms Drainage Dist., 1945, 156 Fla. 774, 24 So.2d 585.