350 So.2d 93 (1977)
Clyde E. LOVE, Frank G. Harris, III, Charles E. Carpenter, C.S. McClelland, and Merchants National Bank of Mobile, Appellants,
v.
Mary V. Nowling ELLIOTT, Appellee.
No. EE-53.
District Court of Appeal of Florida, First District.
September 12, 1977.
Rehearing Denied October 17, 1977.
*94 John E. Venn, Jr. of Smith, Sauer & Venn, Pensacola, for appellants.
Allen W. Lindsay, Jr. of Beall, Lindsay & Lindsay, Milton, for appellee.
ERVIN, Judge.
Appellants appeal a final judgment rescinding a mineral deed on the ground of fraud. We reverse.
The appellee, Mrs. Elliott, was a totally illiterate 87 year old widow who owned 75 acres in Jay, Florida. In January she was approached by one B.G. Russell concerning a possible purchase by him of certain mineral interests owned by her. Mrs. Elliott agreed to sell to Mr. Russell two of the fifteen mineral acres which she owned for $3,300.00. Russell prepared the mineral deed and on January 31, 1972 returned it to Mrs. Elliott, who placed her mark on the deed, which was on the same day recorded. Present at the time of the execution was her daughter, Derlie Nowling Coffey, who was able to read, although with some difficulty. Unknown to Mrs. Elliott, instead of the two mineral acres she had orally agreed to convey, Russell had inserted on the face of the deed a conveyance of a 1/5 interest in all the oil, gas and other minerals which might be produced from the 75 acres owned by Mrs. Elliott. The deed was duly witnessed by a notary public and her husband at the local tag office.
Several days later Russell contacted Mrs. Elliott by phone, stated he had made a mistake in the deed and offered to pay her $15,000.00 for the amount conveyed. Mrs. Elliott refused, repeating her unwillingness to convey more than two acres and contacted a local attorney for assistance. Meanwhile Russell, on February 11, 1972, conveyed by two separate deeds, 3.75 mineral *95 acres and ten royalty acres to C.S. McClellan. The deeds were recorded the same day. On February 16, 1972, Mr. Russell and his wife executed and delivered to Mrs. Elliott a mineral right and royalty transfer purporting to reconvey approximately 13 mineral acres. This transfer was recorded on February 16, 1972. After the reconveyance from Mr. and Mrs. Russell to Mrs. Elliott, on February 23, 1972, Mr. and Mrs. McClellan by two separate deeds conveyed to appellants Clyde Love, Frank G. Harris, III, and Charles Carpenter the same mineral interests previously conveyed to McClellan by Mr. and Mrs. Russell. Mrs. Elliott had no actual knowledge of the transactions between Russell and the appellants until October, 1973, over a year later while she was negotiating the sale of more of her property and discovered the fraud. Notwithstanding her discovery, her complaint for rescission was not filed until September 13, 1974. In May, 1974, oil was found on the property conveyed by her to Russell.
When Russell, on January 31, 1972, presented the deed to Mrs. Elliott for her execution, he neither read nor explained its contents to her. He simply handed it to her. At Mrs. Elliott's request, her daughter looked over the instrument. Neither Mrs. Elliott nor her daughter asked the witnesses to read or explain the instrument to them prior to its execution.
The question necessarily presented is whether rescission of an instrument on the ground of fraud can be claimed as against a bona fide purchaser for value.[1] What is involved here is the validity of the deed insofar as it affects the rights of Russell's grantees. McClellan was disclosed by the evidence to be acting as an agent for his undisclosed principals, Love, Harris and Carpenter. There is no showing in the record, however, that Russell was acting on behalf of anyone other than himself.
Whether the deed effectively passed title to appellants depends upon a determination as to whether the deed is void or voidable. A voidable deed is one which is simply capable of being avoided. A deed however which is void is invalid in law for any purpose and conveys title to no one. 23 Am.Jur.2d, Deeds, section 137 (1965). A forged deed under most circumstances is absolutely void and ineffectual to pass title even to a subsequent innocent purchaser from the grantee under such forged deed.[2]Wright v. Blocker, 144 Fla. 428, 198 So. 88 (1940). If, however, the deed is voidable,
"... the rule is that a bona fide purchaser for value without notice from a fraudulent grantee gets a good title. As against the debtor the fraudulent deed is effectual; and the fraudulent grantee has a title and right to alienate. The only infirmity in his title is its liability to be impeached by creditors. As to all others it is perfect, and when it has passed into the hands of a bona fide purchaser for value without notice even this infirmity is cured and the title becomes sound and indefeasible." Neal v. Gregory, 19 Fla. 356, 367 (1882).
There is no evidence that appellants had any knowledge of Russell's fraud. Their situation is not unlike that of those mortgagees whose interests in certain mortgages were sought to be cancelled by mortgagor-wives who alleged their husbands had fraudulently induced them to execute mortgages on their separate property. Smith v. Commercial Bank of Jasper, 77 *96 Fla. 163, 81 So. 154 (1919); Hall v. Forman, 94 Fla. 682, 114 So. 560 (1927). In both instances the court held the actions would not lie where there was no showing that the mortgagees had assumed their interests in the property with notice of the fraud.
Mrs. Elliott cannot rescind the conveyance on the ground that Messrs. Love, Harris and Carpenter were on record notice of the reconveyance of 13 mineral acres to Mrs. Elliott on February 16, 1972, prior to the conveyance to them by McClellan on February 23, 1972. The recording of an instrument not in record chain of title is not constructive notice to a person claiming under chain of title. Poladian v. Johnson, 85 So.2d 140 (Fla. 1955). Thus the recording of the reconveyance by Russell to Mrs. Elliott of the 13 acres in which he no longer had any interest did not provide constructive notice to subsequent purchasers who purchased from one in chain of title. Poladian v. Johnson, supra.
Finally we note from the record that Mrs. Elliott, who was on constructive notice since February 11, 1972, of Russell's conveyances of 13.75 mineral acres to McClellan, was also on actual notice as of October, 1973, of those conveyances. Yet she delayed until September, 1974, before filing her suit for rescission. During the interim period of time, from the date of the conveyances from McClellan to Love, Harris and Carpenter, the former two grantees had purchased Carpenter's interest in the property, and in the summer of 1974, substantial sums of money were borrowed by them from Merchant's National Bank of Mobile and a mortgage was given to the Bank as security for the debt. When a party desires to rescind a contract on the ground of fraud, deceit or trickery, the injured party must, upon discovery of the true facts, promptly announce his purpose to rescind and be guilty of no undue delay or a vacillation. Columbus Hotel Corporation v. Hotel Management Co., 116 Fla. 464, 156 So. 893 (1934); Rood Company v. Board of Public Instruction of Dade County, 102 So.2d 139 (Fla. 1958). A person seeking to deny the validity of an instrument must show upon discovery of the facts he, with reasonable promptness, denied that the instrument was binding upon him. If he remains silent he will be held to have waived his right to rescind. Rood Company v. Board of Public Instruction of Dade County, supra.
The final judgment rescinding and cancelling appellants' interest in the mineral and royalty deeds conveyed to them by Mr. and Mrs. Russell is reversed.
MILLS, Acting C.J., and SMITH, J., concur.
NOTES
[1] We are not presented with an issue as to whether rescission should be allowed as against Russell, the perpetrator of the fraud. There is a substantial body of law which would allow recovery as against such a person, 23 Am.Jur.2d Deeds, section 142 (1965); however this rule must be tempered by the exception that if the grantor was by his negligence responsible for the conveyance, rescission will not lie. See Thoroughgood's Case, 2 Coke 9a, 76 Eng.Rep. 408; Wilcox v. American Tel. and Tel. Co., 176 N.Y. 115, 68 N.E. 153 (1903); Sutton v. Crane, 101 So.2d 823 (Fla.2nd DCA 1958).
[2] An important exception to the above rule is that a bona fide purchaser will receive good title to land conveyed to him, even though a forged deed predated his root of title, through operation of the Marketable Record Title Act. Marshall v. Hollywood, Inc., 236 So.2d 114 (Fla. 1970).