382 So.2d 647 (1979)
Icie Lee Nowling McCOY, etc., Petitioner,
v.
Clyde E. LOVE et al., Respondents.
No. 52814.
Supreme Court of Florida.
December 27, 1979.
Rehearing Denied May 14, 1980.
Stanley B. Levin and James R. Green, of Levin, Warfield, Middlebrooks, Mabie, Rosenbloum & Magie, Pensacola, and Allen W. Lindsay, Jr., of Beall, Lindsay & Lindsay, Milton, for petitioner.
John E. Venn, Jr., of Smith, Sauer & Venn, Pensacola, for respondents.
BOYD, Justice.
This cause is before the Court on petition for certiorari to review the decision of the court below, Love v. Elliott, 350 So.2d 93 (Fla.1st DCA 1977), on the ground that it is in conflict with a decision of another district court of appeal. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
*648 Mary V. Nowling Elliott, now deceased, brought an action seeking the cancellation of a deed. The trial court found that Mrs. Elliott, a simple, elderly woman who could neither read nor write, owned an undivided one-fifth interest in the minerals underlying a seventy-five acre tract of land. In January 1972 B.G. Russell offered to buy her entire interest, but she refused. She orally agreed to sell Mr. Russell two of the thirteen to fifteen mineral acres she owned for $3300.00. The trial court found further:
Defendant Russell prepared the mineral deed, and instead of the two acres of minerals agreed upon, fraudulently substituted the clause: "one-fifth (1/5) interest in and to all the oil, gas, and other minerals" and then inserted the legal description of the 75 acres. Obviously, one-fifth of 75 acres is 15 acres  a deal that the Plaintiff had consistently refused to make.
Mrs. Elliott lived with her daughter, who could read, write, and understand simple things. The daughter looked over the instrument Russell had prepared. Although she did not understand the deed, she advised Mrs. Elliott that she guessed it was all right.
Several days later, Russell contacted Mrs. Elliott and told her that he had made a mistake in drawing up the deed. He offered to pay her $15,000 for the interest that had been conveyed. She refused and insisted on a reconveyance of that portion of the interest which she had not intended to sell. "[O]n February 16, 1972, Russell and his wife purported to reconvey to Plaintiff the thirteen seventy-fifths (13/75ths) interest of which she had been defrauded." On February 11, 1972, however, Russell conveyed a substantial portion of the same mineral rights to C.P. McClelland, who later conveyed to respondents Messrs. Love, Harris, and Carpenter. Mrs. Elliott remained ignorant of the Russell-McClelland and subsequent transactions until October 1973 when she wanted to sell more of her mineral rights and a title search revealed them. She sued for cancellation of the deed. The trial court held in her favor, concluding:
By trick and fraud the Plaintiff was induced to sign a conveyance other than the one she intended to sign. Therefore, there was no lawful delivery of such instrument. The instrument is void. In light of her lack of education and attained age, the Court finds she was free of any negligence or inattention.
On appeal, the district court reversed. The court characterized the central question as being whether a deed procured by such fraud as was found in this case is void at law, as the trial court held, or merely voidable in equity on petition of the defrauded grantor. If the deed was void, then no legal title passed to the grantee. If the deed was only voidable in equity, then the equitable defenses of laches and of a bona fide purchaser are available. See Holley v. May, 75 So.2d 696 (Fla. 1954); Bryson v. Bridges, 51 Fla. 395, 41 So. 28 (1906).
A bona fide purchaser has the right to rely on the record title of his grantor, but this protection extends only to those purchasing a legal title. Myers v. Van Buskirk, 96 Fla. 704, 119 So. 123 (1928). The recording of a void or forged deed is legally insufficient to create a legal title, and affords no protection to those claiming under it. Reed v. Fain, 145 So.2d 858 (Fla. 1962); Wright v. Blocker, 144 Fla. 428, 198 So. 88 (1940). (The question of whether a void or forged deed can constitute the root of title under the operation of the Marketable Record Titles law, chapter 712, Florida Statutes (1977), is not at issue in this case.)
The district court implicitly held that the deed in the instant case was voidable, as is indicated by the court's discussion of the applicability of the defenses of purchaser-without-notice and laches. In so doing it created conflict with Houston v. Mentelos, 318 So.2d 427 (Fla.3d DCA 1975).
The trial court cited Houston v. Mentelos in support of its holding that the deed was void. In that case, the plaintiff had orally agreed to lease her land. She signed two documents prepared by the purported lessee. One was a contract for sale and the other a warranty deed. The trial court *649 found "that plaintiffs signature on the `Warranty Deed' was obtained through the fraud of the defendant Thomas E. Mentelos who misrepresented that the documents which plaintiff signed embodied the oral lease agreement." 318 So.2d at 430. Also, the contract for sale was altered subsequent to its execution "by the addition of language which made the document to read like a contract to convey the subject real property rather than a lease agreement." Id. at 428. Mentelos, the fraudulent grantee, then executed a mortgage in favor of a mortgagee for value who had no notice of the fraud. Based on the trial court's conclusions that there was fraud and that there was no negligence on the part of the grantor, the district court held that the deed was void. We disapprove the holding of Houston v. Mentelos, 318 So.2d 427 (Fla.3d DCA 1975), to the extent that it held that a deed, the execution of which is procured by fraud, is void ab initio.
In Houston v. Mentelos, the court relied on the cases of Houston v. Adams, 85 Fla. 291, 95 So. 859 (1923) and Houston v. Forman, 92 Fla. 1, 109 So. 297 (1926). The rule enunciated in those cases was that where a grantor executes a deed and then places it in escrow, subject to conditions agreed to in a contract for sale, and the grantee gets possession of the deed through fraud, the deed is void, there is no conveyance, and a bona fide purchaser from the grantee will not be protected.
Delivery is an essential requisite of the execution of a deed conveying valid legal title. Without delivery, nothing passes to the grantee. Bould v. Coe, 63 So.2d 273 (Fla. 1953); Lance v. Smith, 123 Fla. 461, 167 So. 366 (1936); Parken v. Jafford, 48 Fla. 290, 37 So. 567 (1904); Ellis v. Clark, 39 Fla. 714, 23 So. 410 (1897). The rule of Houston v. Adams that a deed procured by fraud is void is limited to situations where the fraud in the execution is such that it can be said there was a complete failure of delivery.
In Houston v. Adams, the grantor had attempted to condition the delivery through an escrow agreement. The grantor thus had given up actual possession of the deed but attempted to place conditions on its delivery. The grantor did not participate in the events leading to the grantee's obtaining possession of the deed. No act of his made the fraud possible. The court likened the grantor's passivity in this matter to the situation where a safe is broken into and an undelivered deed stolen. We hold that the rule applied there is not appropriate to this case. Here, the execution of the deed, including delivery, was complete in all its legal requisites. The trial court's findings of fact that the grantee committed fraud and that the grantor was not negligent do not compel the conclusion that there was such a substitution of documents as to constitute failure of delivery or such an alteration of documents as to be the equivalent of a forgery. The grantor knew that she was executing and delivering a deed of mineral rights. The law charged her with the responsibility of informing herself as to the legal effect of the document she was signing. See Lewison v. Frumkes, 64 So.2d 321 (Fla. 1952); Ross v. Richter, 187 So.2d 653 (Fla.2d DCA 1966).
Where all the essential legal requisites of a deed are present, it conveys legal title. Fraud in the inducement renders such a legally effective deed voidable in equity. Anders v. Anders, 143 Fla. 721, 197 So. 451 (1940). We hold that the district court was correct in holding that the deed was merely voidable, and that it conveyed a legal title to the grantee.
Because of its holding that the deed was void, the trial court granted summary judgment in favor of the plaintiff. Therefore there were no findings of fact on the issue of the good faith of the purchasers from McClelland. While the district court was correct in holding the deed voidable rather than void, there was no basis for it to conclude from the record that the defendants were bona fide purchasers. The case should be remanded for trial of this factual issue.
The decision of the district court, insofar as it held the deed voidable, is approved. It *650 decision holding for the respondents is quashed with directions that the cause be remanded to the trial court for further proceedings consistent with this opinion.
It is so ordered.
ENGLAND, C.J., SUNDBERG and ALDERMAN, JJ., concur.
OVERTON, J., dissents with an opinion, with which ADKINS, J., concurs.
OVERTON, Justice, dissenting.
I dissent. The decision of the trial court was correct. I would hold the deed void under the factual circumstances of this case, which I find consistent with our holding in Houston v. Adams, 85 Fla. 291, 95 So. 859 (1923).
ADKINS, J., concurs.