On Motion for Rehearing
On consideration of appellant’s motion for rehearing, we withdraw the opinion dated June 21, 1994, and substitute the following opinion:
Edward Barberio appeals an adverse final judgment setting aside a deed. We affirm.
Barberio and Smith owned certain residential property as tenants in common. Barber-io prepared a quitclaim deed and requested that Smith transfer her one-half interest in the property to him in order to allow Barber-io to claim a homestead tax exemption for the financial benefit of their stepfather. Smith executed the deed, with the understanding that the property would continue to be owned by both herself and Barberio. Thereafter, when Barberio refused to acknowledge Smith’s status as a co-owner, for the purpose of sharing insurance proceeds which Barber-io had received as a result of a casualty loss to the property, Smith filed suit seeking to set aside the deed for fraud.
The trial court set aside the deed transfer based on, among other various legal defects, fraudulent inducement by Barberio. We agree with the trial court’s finding that fraudulent inducement rendered the deed voidable. McCoy v. Love, 382 So.2d 647 (Fla.1979). The remaining points presented are meritless.
Accordingly, the final judgment under review is affirmed.