**IDEAL FARMS DRAINAGE DISTRICT, a public corporation, and L. D. OXFORD, as Receiver thereof, v. CERTAIN LANDS IN SAID DISTRICT AND THE OWNERS THEREOF.**

14 So. (2nd) 416                                    June Term, 1943
July 2, 1943                                         Division A

*H. E. Oxford,* and *Erle B. Askew,* for petitioners.
*Shackleford, Farrior & Shannon,* for respondents.

ADAMS, J.:

On petition for certiorari under Rule 34 we review an order which held respondents' answer sufficient in law. Pe-

titioner filed a bill to foreclose certain delinquent drainage taxes. Respondent answered and alleged in substance that the drainage district was illegally formed and:

"6. That 'the plan of reclamation' was never made and filed, as required by law.

"7. That three Commissioners were never appointed and never made a true appraisal of the land, and never made a true assessment of the benefits and damages accruing to all the lands in the District by reason of the execution of 'the plan of reclamation' in accordance with the requirements of law.

"8. That there has never been any assessments of benefits from the land involved in this suit, nor of all the lands in said alleged Drainage District, in accordance with the provisions of law.

"9. That the estimated costs of the works and improvements, and the costs and expenses incurred by said alleged Drainage District, were never made in accordance with law, and were out of proportion to the assessed benefits, as provided by law.

"10. That the purported tax levied by the alleged Board of Supervisors was not in proportion to the benefits assessed, as required by law."

The answer further alleged bad faith in the formation of the district; that the bonds issued by the district were disposed of at eighty-three cents on the dollar in violation of law, requiring them to be sold for not less than ninety-five cents and the proceeds thereof were wastefully expended resulting in a loss to the district as a result whereof the indebtedness now against the district is in excess of the value of the land therein.

The question is whether the answer set up any basis to support testimony as a defense to the bill. The lower court property held that the Validating Act, c. 10699, Special Acts, 1925, set at rest all irregularities relative to the formation of the district. The lower court was prompted in upholding the answer because as stated in the order "the plan of reclamation was never made and the purpose of the creation

of the District, never, in fact, carried out; which, if true, would be a good defense to the payment of the assessment."

The answer details few ultimate facts. Each allegation is largely a conclusion of law by the pleader. We will construe the pleading against the pleader. To be good, the answer should set forth clearly and distinctly the facts in order that the Court may determine whether there is a defense to the bill. The answer was insufficient and therefore the petition is granted and the order holding the answer good is quashed.

So ordered.

BUFORD, C. J., TERRELL and THOMAS, JJ., concur.

BROWN, CHAPMAN and SEBRING, JJ., dissent.

CHAPMAN, J. dissenting:

It is my view that the challenged answer should be sustained and the petition for interlocutory writ of certiorari denied. An examination and study of the answer discloses that the allegations thereof are each responsive to many of the allegations of the bill of complaint seeking to foreclose the alleged drainage liens. Paragraph 11 thereof goes much further and charges fraud, overreaching by named individuals, and the several elements of bad faith is clearly charged. It was the view of the chancellor that the answer, when considered in its entirety, stated a good defense, and if established by competent testimony, would justify a decree on behalf of defendants on final hearing.

Many respectable authorities sustain the conclusion of the chancellor. See: Myles Salt Co. v. Iberia Drainage Dist., 239 U. S. 478, 60 L. Ed. 392, 36 Sup. Ct. 204; 17 Am. Jur. 831-2, par. 89; 19 C. J. 745-6, par. 261; Consolidated Land Co. v. Tyler, 88 Fla. 14, 101 So. 280; Martin v. Dade Muck Land Co., 95 Fla. 530, 116 So. 449; Crosby v. Jumper Creek Drainage Dist., 147 Fla. 705, 3 So. (2nd) 356.

BROWN and SEBRING, JJ., concur.