58 So.2d 705 (1952)
GARTNER
v.
AMERICAN NAT. BANK OF JACKSONVILLE.
Supreme Court of Florida, en Banc.
January 15, 1952.
Rehearing Denied February 19, 1952.
Arthur J. Gutman, Jacksonville, for appellant.
Smith, Fant & Axtell and Fleming, Jones, Scott & Botts, Jacksonville, for appellee.
HOBSON, Justice.
On the 27th day of March, 1950, Isidore Gartner, appellant herein and plaintiff below, instituted a common law action against the American National Bank of Jacksonville, defendant below and appellee here, wherein he sought to recover a judgment against appellee. The gravamen of the complaint is that certain of the bank's officers and employees had made verbal representations to the appellant that "the account of H.J. Pound is good" and further that "checks of H.J. Pound are good" and still further "checks drawn by H.J. Pound are as good as gold," and that in truth and in fact, although Pound did have an account in said bank, it had been garnisheed and the bank had been accepting his checks and permitting Pound to come in and take up the checks as though they were drafts. The complaint further alleges that, on the strength of the aforementioned representations, appellant cashed checks *706 drawn by H.J. Pound to the order of one Philip Adeeb or gave to said Adeeb "the equivalent value of cash in merchandise", and that after honoring such checks from early October, when it must be inferred the alleged misrepresentations were made, up to and including the 15th day of November, 1949, the bank failed thereafter to honor checks when presented to it by Gartner.
Upon a consideration of the complaint, various affidavits and depositions, the Circuit Judge granted the motion of the defendant (appellee here) for summary judgment.
It is the appellant's contention that the Circuit Judge erred when he entered a summary judgment, because there was a genuine issue as to a material fact which should have been presented to a jury for its determination. See Rule 43 of the Florida Common Law Rules, 30 F.S.A. Apparently appellant entertains the view that such genuine issue was created by his allegations concerning the representations of the bank's officials and employees and of the course of conduct of the bank in accepting checks drawn by H.J. Pound and holding them for him to come in and pick up as though they had been drafts and the bank's failure to advise the appellant of this arrangement and procedure.
We assume that this is true becaue appellant could not hope to prevail upon the mere allegations of oral representations because of the impact of Section 676.52, Florida Statutes 1949 and F.S.A., which provides that "* * * * the bank is not liable to the holder, unless and until it accepts or certifies the check."
So it is that the real question for our determination is whether the allegations of verbal misrepresentations made by certain officers and employees of the appellee bank, coupled with the allegation that the bank or its officers and employees failed to disclose to appellant the procedure which was being followed in connection with the account of H.J. Pound, constitute a valid predicate for the creation of a genuine issue of fact. Although we cannot commend such conduct on the part of bank officials and employees, we are unable to find or conceive a logical basis for holding that such verbal statements, taken together with the concealment of the manner in which Pound's account was being handled gave rise to a cause of action against the bank by Gartner, nor has counsel for appellant directed our attention to one. At this point we deem it appropriate to observe that we are not dealing herein with the question whether the party who brought the garnishment suit might have a cause of action against the bank.
It is true that as a general rule a bank may be held liable for damages arising out of fraudulent misrepresentations made by an employee while acting within the scope of his employment. However, we have difficulty in finding within the four corners of the complaint a charge of fraud perpetrated upon appellant which could be considered as a legally sufficient foundation for the establishment of a genuine issue of fact. It is not alleged that the bank officials or employees had any way of knowing, when they allegedly made such representations, that H.J. Pound would, at some time in the future, refuse to follow the asseverated procedure with reference to checks which he might draw in favor of Adeeb and which might be cashed by the appellant. Moreover, the complaint shows on its face that for a period of time checks which had been drawn by Pound in favor of Adeeb and had been cashed by appellant were honored by the bank when presented to it, although it is alleged that the bank then turned the checks over to Pound in exchange for cash.
It is not clear from a study of the complaint just when the alleged misrepresentations were made with respect to the period of time during which said checks were honored. The rule long ago established in this jurisdiction is that pleadings should be construed most strongly against the pleader. Presumptions will not be indulged in his favor. Herrin et al. v. Brown, 44 Fla. 782, 33 So. 522; McKinnon v. Johnson, 54 Fla. 538, 45 So. 451; Hillsborough Grocery Company v. Leman & Wright, 62 Fla. 208, 56 So. 684; Hazen v. Cobb-Vaughn Motor Company, 96 Fla. 151, 117 So. 853; Ballas v. Lake Weir *707 Light & Water Co., 100 Fla. 913, 130 So. 421; State ex rel. Dillman v. Tedder, 123 Fla. 188, 166 So. 590; Buker et ux. v. Webster, 140 Fla. 471, 191 So. 835; Ideal Farms Drainage District v. Certain Lands in Said District, 153 Fla. 265, 14 So.2d 416. Since the new Florida Common Law Rules became effective January 1, 1950, 30 F.S.A., the question might have been, but was not, raised as to whether the principle that pleadings will be construed strictly against the pleader has been superseded by the effect of Rule 9(g) which provides "All pleadings shall be construed so as to do substantial justice." This rule is practically identical with Rule 8(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A. In the case of De Loach v. Crowley's, Inc., 128 F.2d 378, 380, the Circuit Court of Appeals for the Fifth Circuit in an opinion by Circuit Judge Sibley construed Rule 8(f) of the Federal Rules of Civil Procedure and in doing so stated: "But the principle is no longer of force that pleadings will be construed strictly against the pleader." The construction thus placed upon Federal Rule 8(f) does not amount to a material departure from the general intent of all the rules of pleading. It has never been the real purpose of pleading rules to allow mere technicalities to sway courts from the path of substantial justice. We do not decide because it is not necessary or proper in this case to determine whether we should adopt the construction placed upon Federal Rule 8(f) by the Circuit Court of Appeals of the Fifth Circuit in the case of De Loach v. Crowley's, Inc., supra, as the proper construction of our new common law rule 9(g).
It matters not in the instant case whether we adopt such construction or adhere to the rule that pleadings should be construed strictly against the pleader.
The complaint in this case fails expressly to pin-point the date or dates upon which the alleged misrepresentations were made. So whether we construe the complaint most strongly against the pleader or endeavor "fairly to understand" just what the pleader attempted to set forth in his complaint without making any "refined inferences" against him, we are forced by the very nature of this action to conclude that the alleged misrepresentations were made at the time, apparently in the early part of October, 1949, when it is alleged Philip Adeeb requested the appellant to cash various checks drawn by H.J. Pound. It is impossible, even under the most liberal construction of the complaint, to indulge any other intendment. Appellant could not have had a cause of action upon alleged misrepresentations unless they were made prior to the time that he acted upon them. Consequently, it is and must be our conclusion that at the time such alleged misrepresentations were made H.J. Pound had never failed to make good on his checks drawn upon the appellee bank, nor did he do so prior to the 16th day of November, 1949. Under such circumstances, there was no cause for the bank officials or employees to believe that Pound would not in the future continue to take care of all checks which might be drawn by him.
It is our conclusion that this action is barred by Section 676.52, supra, because the complaint is predicated upon verbal representations. If concealment of the alleged course of conduct with reference to the handling of Pound's account could be said under any circumstances to amount to a fraud as against this appellant the complaint filed herein fails to allege such a fraud; certainly it does not charge fraud in clear, positive and unequivocal language as is required by the settled law in this jurisdiction. Lafferty et al. v. Detwiler, 155 Fla. 95, 20 So.2d 338; Gillespie v. Chapline, 59 Fla. 500, 52 So. 722; McClinton et al. v. Chapin et al., 54 Fla. 510, 45 So. 35 and cases therein cited.
Regardless, however, of the attempt to allege an independent fraud in that the bank concealed the procedure which was being followed in connection with Pound's account, such allegations are definitely dependent upon the allegations of verbal misrepresentations. The former allegations do not and could not make out a case of fraud, in the absence of the latter. Consequently, in the final analysis, it is clear that the action is bottomed upon alleged fraudulent misrepresentations. In any and *708 all events in such a situation Section 676.52, supra, exempts the bank from liability because the checks were not alleged to have been accepted or certified by the bank. It is not sufficient answer to this conclusion to say that the checks could not have been accepted by the bank because Pound's account was not sufficient in amount to permit their acceptance nor to assert that the checks could not have been certified because of the existence of the garnishment. The statute contains no exception; it clearly states that "* * * the bank is not liable to the holder, unless and until it accepts or certifies the check." (Emphasis supplied.)
We fail to find that the pleadings in this case created a genuine issue as to a material fact which should have been presented to a jury for its determination. Consequently, the summary judgment from which this appeal was prosecuted is hereby affirmed.
Affirmed.
SEBRING, C.J., and TERRELL, CHAPMAN and ROBERTS, JJ., concur.
THOMAS, J., dissents.
MATHEWS, J., not participating.