283 So.2d 400 (1973)
PEOPLES BANK IN NORTH FORT MYERS, Appellant,
v.
BOB LINCOLN, INC., Appellee.
No. 72-282.
District Court of Appeal of Florida, Second District.
September 14, 1973.
Rehearing Denied October 17, 1973.
William H. Shields and William T. Haverfield of Pavese, Shields, Garner, Haverfield & Kluttz, Fort Myers, for appellant.
Sheppard & Woolslair, Fort Myers, for appellee.
MANN, Chief Judge.
Wise, a used car dealer, bought a new car from Bob Lincoln, Inc., to be titled in a third party's name. Wise gave Lincoln a sight draft. Lincoln's people weren't familiar with the document and called Peoples *401 Bank, where they were told that it would be honored. The title was procured for Wise's customer and the car delivered. The draft reached Peoples Bank, through Lincoln's bank, on March 30. On April 9, it was dishonored. Judgment was rendered for Bob Lincoln, Inc. Peoples Bank appeals. Its argument is that "A check or other draft does not of itself operate as an assignment of any funds in the hands of the drawee available for its payment, and the drawee is not liable on the instrument until he accepts it." That is the text of Fla. Stat. § 673.409(1), F.S.A. But read on: "(2) Nothing in this section shall affect any liability in contract, tort or otherwise arising from any letter of credit or other obligation or representation which is not an acceptance."
In 2 Anderson, Uniform Commercial Code § 3-409:1, we see why appellant's reliance on Elmore v. Palmer First Nat. B. & T. Co. of Sarasota, Fla.App.2d 1969, 221 So.2d 164, Gartner v. American Nat. Bank of Jacksonville, Fla. 1952, 58 So.2d 705, and Eastern Air Lines, Inc. v. Coral Gables First Nat. Bk., Fla.App.3d 1970, 240 So.2d 87, is misplaced. Here is what Anderson says about Section 673.409:
The two original sections are combined, brought forward to appear in connection with acceptance, and reworded to remove uncertainties.
1. As under the original sections, a check or other draft does not of itself operate as an assignment in law or equity. The assignment may, however, appear from other facts, and particularly from other agreements, express or implied; and when the intent to assign is clear the check may be the means by which the assignment is effected.
2. The language of the original Section 189, that the drawee is not liable "to the holder", is changed as inaccurate and not intended. The drawee is not liable on the instrument until he accepts; but he remains subject to any other liability to the holder. In this connection reference should be made to Section 4-302 on the payor bank's liability for late return. Such a bank if it does not either make prompt settlement or return on an item received by it will become liable to a holder of the item.
3. Subsection (2) is new. It is intended to make it clear that this section does not in any way affect any liability which may arise apart from the instrument itself. The drawee who fails to accept may be liable to the drawer or to the holder for breach of the terms of a letter of credit or any other agreement by which he is obligated to accept. He may be liable in tort or upon any other basis because of his representation that he has accepted, or that he intends to accept. The section leaves unaffected any liability of any kind apart from the instrument.
Fla. Stat. § 674.302 provides:
In the absence of a valid defense such as breach of a presentment warranty (§ 674.207(1)), settlement effected or the like, if an item is presented on and received by a payor bank the bank is accountable for the amount of:
(1) A demand item other than a documentary draft whether properly payable or not if the bank, in any case where it is not also the depositary bank, retains the item beyond midnight of the banking day of receipt without settling for it or, regardless of whether it is also the depositary bank, does not pay or return the item or send notice of dishonor until after its midnight deadline; or
(2) Any other properly payable item unless within the time allowed for acceptance or payment of that item the bank either accepts or pays the item or returns it and accompanying documents.
Elmore, Gartner and Eastern Air Lines are all cases of prompt dishonor and Elmore and Gartner are based on prior law. This case is not. Of course a bank employee's *402 representation that somebody's check is good speaks only to the situation at the time, and the law properly allows dishonor if the drawer's account is insufficient at the time of presentation, in the absence of facts giving rise to an independent cause of action. See, e.g., the cases above cited for the general rule, and Union Bank v. Safanie, 1967, 5 Ariz. App. 342, 427 P.2d 146, for a case in which the bank was held liable on a complaint alleging fraud, negligence and estoppel.
In short, a bank is not totally without responsibility in the handling of matters presented for collection.[1] This complaint sounds in tort, alleging negligence. Negligence is amply proved. For one thing, the title was transferred to Wise's customer a week after the draft was presented to the appellant bank, and by the time the bank acted the property was beyond the reach of Bob Lincoln, Inc. Basically the case is one of failure to comply with Fla. Stat. § 674.302, F.S.A., for which the bank was properly held responsible.
Affirmed.
LILES and McNULTY, JJ., concur.

ON PETITION FOR REHEARING AND TO CERTIFY THE CAUSE
MANN, Chief Judge.
Appellant's petition for rehearing would make it appear that the instrument in question was a documentary draft, which it was not. Cf. Fla. Stat. § 673.104 with § 674.104 (1)(f) (1971), F.S.A. We described the instrument in our original opinion as a sight draft, to make the distinction clear. It was a "draft" as that word is defined in Fla. Stat. § 673.104(2) (1971), F.S.A., and a "demand item other than a documentary draft" within the meaning of Fla. Stat. § 674.302 (1971), F.S.A. That section of the code makes the bank accountable under the plain language of the statute quoted in our opinion, and there is no need to certify the question to the Supreme Court.
Rehearing and certification denied.
McNULTY and BOARDMAN, JJ., concur.
NOTES
[1] See Fla. Study and Comments, Uniform Commercial Code § 3.46: "The section is not intended to relieve the bank of other liability not on the instrument such as liability for negligence, liability for breach of contract and liability because of its failure to make prompt settlement or return of an item received by it."