**GATHERCREST, LTD. STATE BANK OF INDIA, Plaintiffs-Appellees,**

**v.**

**FIRST AMERICAN BANK & TRUST, as successor in interest to Merritt Square Bank, Defendants-Appellants.**

**No. 85–3739.**

United States Court of Appeals, Eleventh Circuit.

Dec. 10, 1986.

Jack A. Kirschenbaum, Wolfe, Kirschenbaum & Mosley, Cocoa Beach, Fla., for defendants-appellants.

Thomas E. Fotopulos, Kavouklis & Fotopulos, Tampa, Fla., for plaintiffs-appellees.

Before RONEY, Chief Judge, FAY, Circuit Judge and SIMPSON, Senior Circuit Judge.

SIMPSON, Senior Circuit Judge:

Gathercrest, Ltd. and its banker, the State Bank of India (SBI) are financial institutions based in England. SBI, working on behalf of Gathercrest presented to Merritt State Bank, a Florida banking corporation, two bills of exchange payable in British Pounds Sterling (pounds) together with documents of title evidencing ownership of goods which had been manufactured by Pan Acqua, one of Gathercrest's customers, which had borrowed money to manufacture the goods. Both requests for collection incorporated the Uniform Rules for Collection promulgated by the International Chamber of Commerce (URC) in the instructions for collection. In each of the two separate collection transactions, which were initiated months apart, MSB breached its contractual and statutory duties of collection by committing wrongful acts which included, but which were not limited to, a failure to seasonally inform Gathercrest and SBI that the customer had dishonored the bills. Gathercrest and SBI then filed a diversity action in the Middle District of Florida against First American Bank and Trust as successor in interest to MSB. After a nonjury trial, the district judge found that First American was liable under Florida's version of the Uniform Commercial Code (UCC) and the URC for damages suffered by Gathercrest and SBI which the court assessed as an amount equal to the dollar value of each bill of exchange which was determined by the foreign exchange rates being offered on the respective dates that MSB breached its duties of collection as to each bill. First American's appeal does not challenge the court's conclusion that it is liable under the UCC and URC for any damages which it caused SBI and Gathercrest to suffer but it does deny that there was any evidence that its breach of duty as to the collection of the first bill was the proximate cause of any damages. In a second point First American argues that the court also erred in assessing damages at the foreign exchange rate prevalent on the date of each breach rather than on the date of judgment. We find no merit in either argument.

The evidence showed, and the court found, that MSB's customer dishonored the note on April 18, 1980, and that the notice of dishonor would have been seasonable if it had been given within two weeks of that date. Instead, MSB waited more than three months and first gave notice on July 21, 1980. On September 15, 1980, SBI telexed MSB and requested that MSB attach the goods on behalf of SBI and Gathercrest. MSB then delivered all of the documentation over to its attorney who was also the attorney for Dr. Walter Cerrato, a

shareholder and director of MSB, who was a principal of Kwik Blast America, the MSB customer from whom the bill of exchange was supposed to have been collected. On October 9, 1980, MSB's attorney filed a lien against the goods on Cerrato's behalf while simultaneously instructing MSB to wire SBI and Gathercrest that it could not comply with the request for attachment. Gathercrest and SBI took no steps after notice of dishonor and the denial of the request for attachment until the instant cause was filed in 1983. At the time of trial in 1985 no judgment had been obtained against any of the other potentially liable parties. The district judge found that the evidence showed that the first bill of exchange would not have been uncollectible if MSB had seasonably notified Gathercrest and SBI of its dishonor. The court noted that the bill was not dishonored for lack of funds and that the evidence showed that MSB's customer, Kwik Blast, had goods in its possession which SBI and Gathercrest might have been able to attach if they had been seasonably notified. These findings may not be set aside unless they are shown to be "clearly erroneous." Fed.R.Civ.P. 52(a).

■ First American argues that the three month delay in notice of dishonor was not shown to be a proximate cause of damages because the evidence also shows that SBI and Gathercrest had made no other attempt to collect the bills in the five years which passed between dishonor and trial. As the parties agree, this diversity action is governed by State law and in this case Florida law applies. *Hill v. Nelson*, 676 F.2d 1371, 1374 (11th Cir.1982). Florida law provides that a bank may be held liable in negligence where the bank's failure to give seasonable notice of dishonor places the property beyond reach of the creditor. *Peoples Bank in North Fort Myers v. Bob Lincoln, Inc.*, 283 So.2d 400, 402 (2d D.C.A. Fla.1973). First American's assertion that proximate cause was not proven because of the intervening time between dishonor and trial amounts to nothing more than an argument that Gathercrest and SBI failed to *disprove* that there was some intervening

cause of damage between dishonor and trial. Under Florida law, intervening cause is an affirmative defense which must be proven by the defendant. *See, generally, Overby v. Wille*, 411 So.2d 1331 (4th D.C.A.Fla.); *pet. for reversal den.*, 419 So.2d 1196, and 419 So.2d 1201 (1982). First American presented no evidence which would support any allegation of intervening cause. Consequently, we find no reversible error.

■ Nor do we find any merit in First American's argument that the district court erred in measuring damages by the rate of exchange being offered on the day that MSB breached its duties of collection rather than the date of judgment. In a diversity action, the measurement of damages is governed by state law. *Budge v. Post*, 643 F.2d 372, 375 (5th Cir.1981). Florida law provides that the appropriate dollar measure of damages for an obligation which is payable in foreign currency is the prevailing commercial rate paid for that currency at the time of the breach in the place designated for payment. See, *American National Ins. Co. v. de Cardenas*, 181 So.2d 359, 360–61 (3d D.C.A.Fla. 1965). We therefore hold that no reversible error has been raised in this appeal.

■ Gathercrest and SBI have filed a motion requesting that this court assess attorney's fees, double costs and damages under 28 U.S.C. § 1912 on grounds that First American has brought a groundless and frivolous appeal. Although we have found the appeal was without merit, we note that the question whether a court will sustain a finding of proximate cause under a given set of circumstances is as much a question of public policy as it is of direct causality. *See, generally, Blue Shield of Virginia v. McCready*, 457 U.S. 465, 102 S.Ct. 2540, 73 L.Ed.2d 149 (1982). Given that the causality found below was based upon rather weak (but nevertheless valid) inferences drawn from the evidence, we hold that the appeal was presented in good faith and deny the motion for fees, double costs and damages.

AFFIRMED.