408 So.2d 663 (1981)
Burton LEVEY, Appellant,
v.
Michael J. GETELMAN, Appellee.
No. 80-2022.
District Court of Appeal of Florida, Third District.
December 29, 1981.
Rehearing Denied February 1, 1982.
*664 Floyd, Pearson, Stewart, Richman, Greer & Weil and Ellen C. Freidin, Miami, for appellant.
Lapidus & Stettin and Herbert Stettin, Miami, for appellee.
Before HENDRY, NESBITT and BASKIN, JJ.
HENDRY, Judge.
This is an appeal from a summary final judgment in favor of the defendant below in an action seeking damages, recision and cancellation of a contract for the sale of land on the grounds of fraudulent misrepresentation and breach of fiduciary duty. Appellant Levey, plaintiff in the court below, contends that genuine issues of fact exist precluding summary judgment. We agree and reverse.
Burton Levey and Michael Getelman were co-beneficiaries of a land trust[1] which owned a small office building in downtown Miami where the parties practiced law. After Levey moved his practice to another location in March, 1977, Getelman remained in the building to manage the property. In July, 1978 the parties became aware that the City of Miami had an interest in acquiring the trust property. The City had the property appraised by two independent appraisers, but the parties were never told of the value. Subsequent to this period Levey continually inquired of Getelman whether he had heard anything from the City with regard to the appraisals or possible acquisition. Although there was evidence to the contrary, Getelman insisted that he was never contacted by the City concerning purchase of the building. Early in 1979 the parties began negotiations, and Levey eventually sold his one-half interest in the property to Getelman for $100,000, the contract for sale stipulating that neither party had received any offer for purchase from a third party.
A month after the sale, the City of Miami made Getelman an offer for the property which was not acted upon, and in July, 1979, a condemnation action was filed by the City in circuit court. Levey was named and served as co-executor and co-trustee of the estate of Harry B. Schwartz, one of the original beneficial owners of the property. Levey then filed this suit in October, 1979, seeking injunctive relief to prevent Getelman from receiving any condemnation proceeds,[2] *665 and damages for fraud and breach of fiduciary duty as well as imposition of a constructive trust and recision. Getelman moved for summary judgment, denying breach of any duty, asserting that no representation had been made, and contending that Levey had waived any claims by accepting mortgage payments after learning of the City's offer. The trial court granted Getelman's motion as to the counts for recision and for damages on the grounds that there was no genuine issue as to any material fact, Levey was bound by the prior condemnation judgment, and Levey had continued to accept mortgage payments from Getelman after he became aware of the alleged fraud. The court also dismissed as moot the remaining counts of the complaint seeking injunctive relief and imposition of a constructive trust on the proceeds from the condemnation action since the property had been sold and the trust divested of the proceeds.
Without conceding the correctness of the summary judgment as to recision, but recognizing that this remedy would be of no practical effect at this point, Levey contends that the summary judgment on the damage issue was erroneous since there were facts in the record to support an action for fraud and breach of fiduciary duty, and none of the affirmative defenses raised would preclude recovery as a matter of law.
On a motion for summary judgment, the existence or nonexistence of a material fact issue is the crucial question. Two requisites must be met in order to grant a summary judgment: (1) no genuine issue of material fact, and (2) one of the parties must be entitled to judgment as a matter of law on the undisputed facts.
Summary judgment is improper where, as in this instance, the pleadings and record reflect conflicting issues of material fact. Holl v. Talcott, 191 So.2d 40 (Fla. 1966); Fontainebleau Hotel Corp. v. Southern Florida Hotel and Motel Ass'n, 294 So.2d 390 (Fla. 3d DCA), cert. denied, 304 So.2d 132 (Fla. 1974). Unresolved issues exist relative to whether Getelman's representation to Levey that he had no knowledge regarding the City's interest in the property was false and whether Levey relied upon this representation. See American International Land Corp. v. Hanna, 323 So.2d 567 (Fla. 1975) for discussion of the elements necessary to a fraud action. See also Besett v. Basnett, 389 So.2d 995 (Fla. 1980) (recipient may rely on truth of representation even though its falsity could have been ascertained had investigation been made, unless recipient knows representation to be false or its falsity is obvious.) The evidence demonstrates that the City wrote to Getelman and the neighboring property owner in January, 1979 about meeting to discuss acquisition of the property. Although Getelman denies receiving the letter, proof of mailing (and the fact that the neighbor received his letter), raises a presumption that it was received by the addressee. Brown v. Giffen Industries, Inc., 281 So.2d 897 (Fla. 1973). Our determination that summary judgment was improvidently granted in this case is buttressed by the fact that fraud is not ordinarily a suitable subject for summary judgment Nessim v. DeLoache, 384 So.2d 1341 (Fla. 3d DCA 1980); Bryant v. Small, 236 So.2d 150 (Fla. 3d DCA 1970).
Unresolved questions also exist relative to whether Getelman owed a fiduciary duty to Levey as manager of their mutual financial interests and whether Getelman's actions were a breach of this duty. See Donahue v. Davis, 68 So.2d 163 (Fla. 1953); Fuller v. Pierce, 92 Fla. 129, 109 So. 238 (1926); Reaves v. Hembree, 330 So.2d 747 (Fla. 1st DCA 1976), cert. denied, 345 So.2d 423 (Fla. 1977); Prescott v. Kreher, 123 So.2d 721 (Fla. 2d DCA 1960), cert. denied, 131 So.2d 206 (Fla. 1961).
We also agree with Levey's final point which asserts that none of the affirmative defenses raised would preclude judgment as a matter of law. Aside from denying any knowledge of the City's intentions, Getelman defends this action primarily by alleging that Levey waived any remedy by *666 continuing to accept mortgage payments after learning of the City's offer. Although Levey, by accepting payment, ratified the contract thus barring a claim for recision, he has not waived his right to damages for the fraud. Rolf's Marina, Inc. v. Rescue Service & Repair, Inc., 398 So.2d 842 (Fla. 3d DCA 1981). Additionally, the trial court's grant of summary judgment on the basis that Levey's claim was barred by res judicata since he had the opportunity to litigate this claim in the condemnation proceeding was erroneous. Levey's fraud claim is an entirely different cause of action and was not required to be raised in the prior proceeding. See Donahue v. Davis, 68 So.2d 163, 169 (Fla. 1953).
In light of unresolved issues of material fact, we reverse the summary final judgment under review and remand the cause to the trial court for further proceedings.
Reversed and remanded.
NOTES
[1] The property was originally owned in 25% shares by four individuals. Two of the owners sold out and at the time of this controversy, the beneficial interest in the trust was owned by Levey and Getelman alone.
[2] In January, 1981, Getelman settled with the City for $778,405.57.