RYDER, Judge.
On February 4, 1987, appellee was arrested for possession of “rock” cocaine. At the time of his arrest, the police also seized $13,859.00 from appellee which he had hidden in his socks.
On February 6, 1987, appellant filed a motion for a rule to show cause and for final order of forfeiture of the money seized. Detective Randy Knight’s affidavit was attached to appellant’s petition. Knight’s affidavit stated, inter alia, that Knight was informed that appellee was in possession of and was selling narcotics. Knight approached appellee and informed him that he had information that appellee was in possession of and was selling narcotics. Appellee handed Knight a small plastic baggie containing several small pieces of rock cocaine while stating, “OK, man, I got dope on me.” Appellee also turned over a pill bottle containing more rock cocaine. Knight seized $13,895.00 which appellee had hidden in his socks. After appellee was informed of his rights pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), Knight asked appellee where he earned the $13,895.00 since appellee was not employed. Appellee responded, “It’s not all dope money.” Appellee explained that he had sold his van two weeks ago and had not yet gone to the bank with the money.
The trial court found that appellant had made a prima facie showing that probable cause existed to enter a rule to show cause why said money should not be forfeited. Thereafter, appellee filed a motion for summary judgment seeking the return of the currency. Appellee attached to his motion his affidavit stating that the money seized from him was money given to him by third parties, earnings from legitimate business activities and cash received from the sale of his van. Appellee also attached the affidavits of third parties stating that they had given appellee cash prior to his arrest.
In opposition to appellee’s motion for summary judgment, appellant filed the affidavits of Detective Knight and Detective Steve Abrams. Appellant also relied upon the appellee’s deposition.
In Detective Abrams’ affidavit, Abrams stated that after appellee was advised of his Miranda rights, appellee told him that if he were freed he would give Abrams the names of other drug dealers. Appellee also told Abrams that the entire sum of $13,895.00 was money from the sale of drugs which was to be used to purchase drugs in connection with appellee’s undercover work for two detectives of the Manatee County Sheriff’s Office.
During appellee’s deposition, he agreed that the money seized was, in fact, located in his socks and that he had been read his Miranda rights. Appellee also admitted that he previously had been convicted of a drug-related crime. Appellee refused to answer questions about whether he was purchasing or selling drugs at the scene of the crime.
The trial court granted appellee’s motion for summary judgment and ordered the return of the money to appellee. On appeal, appellant contends that the trial court erred in granting a summary judgment in appellee’s favor when there were issues of material fact remaining. We agree.
Section 932.704(1), Florida Statutes (1983), provides for the forfeiture of a contraband article:
The state attorney within whose jurisdiction the contraband article, vessel, motor vehicle, aircraft, or other personal prop *328 erty has been seized because of its use or attempted use in violation off any provisions of law dealing with contraband, or such attorney as may be employed by the seizing agency, shall promptly proceed against the contraband article, vessel, motor vehicle, aircraft, or other personal property by rule to show cause in the circuit court within the jurisdiction in which the seizure or the offense occurred and may have such contraband article, vessel, motor vehicle, aircraft, or other personal property forfeited to the use of, or to be sold by, the law enforcement agency making the seizure, upon producing due proof that the contraband article, vessel, motor vehicle, aircraft, or other personal property was being used in violation of the provisions of such law. The final order of forfeiture by the court ' shall perfect the state's right and interest in and title to such property and shall relate back to the date of seizure.
Section 932.701(2)(a), Florida Statutes (1983), defines a “contraband article” as: “(a) Any controlled substance as defined in chapter 893 or any substance, device, paraphernalia, or currency or other means of exchange which has been, is being, or is intended to be used in violation of any provision of chapter 893.”
In a forfeiture proceeding, the governmental entity has the “initial burden of going forward, but it must only show probable cause, that the res subject to forfeiture was illicitly used within the meaning of the forfeiture statute.” In re Forfeiture of Approximately Forty-eight Thousand Nine Hundred Dollars In U.S. Currency, 432 So.2d 1382, 1385 (Fla. 4th DCA 1983). Probable cause for forfeiture may be established by circumstantial evidence. Lobo v. Metro Dade Police Department, 505 So.2d 621, 623 (Fla. 3d DCA 1987). “The determination of probable cause in a forfeiture proceeding simply involves the question of whether the information relied upon by the state is adequate and sufficiently reliable to warrant the belief by a reasonable person that a violation had occurred.” Id.
“Once the governmental entity has established probable cause, the burden shifts to the claimant to rebut the probable cause showing or, by a preponderance of the evidence, to establish that the forfeiture statute was not violated or that there is an affirmative defense which entitles the claimant to repossession of the item.” Forty-eight Thousand Nine Hundred Dollars at 1385.
The crucial question on a motion for summary judgment is the “existence or nonexistence of a material fact issue.” Levey v. Getelman, 408 So.2d 663, 665 (Fla.3d DCA 1982). “Two requisites must be met in order to grant a summary judgment: (1) no genuine issue of material fact, and (2) one of the parties must be entitled to judgment as a matter of law on the undisputed facts.” Id.
In the instant case, the trial court erred in granting a summary judgment in appel-lee’s favor because material issues of fact existed precluding the award of a summary judgment in appellee’s favor. Appellee made conflicting statements as to the source of the money he had hidden in his socks. According to Detective Knight’s affidavit, appellee stated that not all the money was dope money, thereby, giving rise to the obvious inference that some of the money was “dope money.” According to Detective Abrams’ affidavit, appellee stated the money was dope money to be used to purchase drugs in an undercover operation. In appellee’s deposition and in his motion for summary judgment, appellee contended that the money came from third parties, from cash received from the sale of his van, and from legitimate business activities. Thus, a genuine material issue of fact exists. Appellant should be afforded an opportunity to attempt to establish a nexus between the money seized and appel-lee’s illegal act. Appellant should be given an opportunity to cross-examine the witnesses who gave affidavits stating that they had given money to appellee prior to his arrest. Appellant should be permitted to cross-examine the witnesses to determine whether the money possessed was in fact the money they gave to appellant prior to his arrest.
*329 Accordingly, we reverse and set aside the summary judgment entered in appel-lee’s favor and remand this matter to the trial court for proceedings consistent with this opinion.
CAMPBELL, C.J., and SCHOONOVER, J., concur.