PER CURIAM.
In this civil forfeiture case, the only question we address is whether there was sufficient, clear and convincing evidence that a large sum of cash was to be used in furtherance of a criminal enterprise, or whether there was an entitlement to a directed verdict as a matter of law. The trial judge ruled it was a jury question. We reverse.
The sum of $21,650 was discovered by a police officer in a briefcase located in the trunk of a vehicle.[1] In Department of Law Enforcement v. Real Property, 588 So.2d 957, 968 (Fla.1991), our Supreme Court held that the government may not take an individual’s property through forfeiture proceeding unless it proves by no less than clear and convincing evidence that the property being forfeited was being used in furtherance of a criminal enterprise. Here, we believe that the state did not satisfy that burden of proof.
*103 The record shows that there was no evidence presented by the state establishing a nexus between the money and any criminal activity. Although a police drug dog alerted to the briefcase, no drugs were found in it.
We considered the Third District’s decision in Fletcher v. Metro Dade Police Department Law Enforcement Trust Fund, 593 So.2d 266 (Fla. 3d DCA 1992), in which a forfeiture of $55,000 was upheld. We easily distinguish that case because there was evidence of criminal activity transacted from Fletcher’s business premises. This evidence was secured through a properly executed search warrant on Fletcher’s business where large quantities of narcotics were seized. No such criminal conduct was produced by the state in the present case.
REVERSED.
LETTS, J., and WALDEN, JAMES H., and OWEN, WILLIAM C., Jr., Senior Judges, concur.

. We need not address the stop of the vehicle or the validity of the consented-to search.