732 So.2d 478 (1999)
Kevin B. BEARY, Sheriff of Orange County, Appellant,
v.
Carole GAY, Appellee.
No. 98-2545.
District Court of Appeal of Florida, Fifth District.
May 21, 1999.
*479 Tamara L. Gappen, Orlando, for Appellant.
Andrew L. Cameron, Orlando, for Appellee.
ANTOON, J.
In this civil forfeiture case, the Sheriff of Orange County, Kevin B. Beary, is seeking forfeiture of $8,380 which was found in Carole Gay's luggage during a search of a car in which she was a passenger. See § 932.703, Fla. Stat. (1993). The trial court entered a summary final judgment against the Sheriff, ordering that the money be returned to Ms. Gay. We reverse because the record contains genuine issues of material fact concerning whether a nexus exists between the money and illegal drug activity.
The Florida Contraband Forfeiture Act provides that private property is subject to government forfeiture when the state proves that the property is contraband. See id. Contraband is defined as property that has been used in the furtherance of a criminal enterprise. See § 932.701(2)(a)5, Fla. Stat. (1993); see also In re Forfeiture of $21,650.00 in United States Currency and Miscellaneous Jewelry, 605 So.2d 102 (Fla. 4th DCA 1992). Currency which was used, is being used, was attempted, or is intended to be used "in violation of any provision of Florida's Comprehensive Drug Abuse Prevention and Control Act" is contraband. See In re Forfeiture of $37,388.00, 571 So.2d 1377, 1378 (Fla. 1st DCA 1990).
The instant record reveals that a sheriff's deputy stopped the car in which Ms. Gay was traveling for speeding on the Florida Turnpike. The deputy questioned both the respondent and the woman driver, and the women gave inconsistent stories regarding their destination. Both women denied carrying illegal drugs or a large sum of money. The deputy called for a canine unit. Upon arrival, the dog alerted on a brown leather bag located on the rear seat of the car. Ms. Gay said the bag was hers and that it contained approximately $8,500. The bag actually contained $8,380 wrapped in nine separate bundles. Each bundle contained $1,000. This packaging placed the deputies on notice that the money might be involved in the illegal drug trade. Ms. Gay explained her earlier answer to the deputy that she was not carrying a large sum of cash by stating that she did not think $8,500 was a large sum of money.
Before the deputies searched the vehicle, they placed Ms. Gay and the driver in the rear seat of a patrol car which was equipped with a recording device. While in the patrol car the women engaged in a conversation which was recorded. They discussed various stories they might tell the police concerning the money and their intentions. During their conversation, the women made several arguably incriminating statements but did not make any direct statement that they were involved in illegal drug activity. No other contraband was retrieved from the vehicle.
After searching the car, the deputy questioned Ms. Gay further. She stated that her friend Mike had loaned her $5,000 of the money and that the rest was hers. She explained that she intended to use the *480 money to purchase perfumes to sell at an Orlando flea market. She later told a deputy that Mike had given her the money to purchase blankets for resale. Ms. Gay gave the deputy Mike's pager number. The deputy paged Mike and he returned the call. Upon questioning over the phone, Mike first denied knowing Ms. Gay, but later admitted knowing her and said that he had given her $5,000 to buy jewelry in Miami. When the deputy told Mike that the money would be seized and forfeited, Mike did not express any interest in getting the money back.
The Sheriff filed a complaint seeking forfeiture of the money alleging that the money was contraband. The complaint alleged that Ms. Gay and Mike were persons who may possess an interest in the money. Mike failed to file a paper in the action and a default was entered against him. However, Ms. Gay filed an answer denying that forfeiture was warranted. Ms. Gay later filed a motion for summary judgment in which she requested the trial court to set aside the seizure and return the money to her. The trial court conducted a hearing on the motion. The court considered sworn testimony summarized above as well as Ms. Gay's denial that the money was contraband. The trial court then granted the motion and entered summary judgment against the Sheriff.
By filing the motion for summary judgment Ms. Gay undertook the burden of demonstrating the nonexistence of any material disputed fact, including whether the money seized was used or was intended to be used in the furtherance of criminal activity. This burden of proof is heavy since the evidence in the record, including the affidavits and answers to interrogatories, must overcome all reasonable inferences which may be drawn in favor of the Sheriff, the nonmoving party. Even if the slightest doubt exists as to any issue of material fact, a summary judgment must be reversed. See Gause v. First Bank of Marianna, 457 So.2d 582, 585 (Fla. 1st DCA 1984). Although the evidence before the trial court may have been insufficient to support a ruling in favor of the Sheriff at trial, the evidence was sufficient to overcome Ms. Gay's summary judgment motion because disputed issues of fact remain regarding whether there is a nexus between the money and illegal drug activity. Accordingly, we must reverse the summary judgment and remand for further proceedings. See Bradenton City Police Department etc. v. $13,895.00 in United States Currency, 535 So.2d 326 (Fla. 2d DCA 1988).
REVERSED and REMANDED.
GRIFFIN, C.J., and THOMPSON, J., concur.