767 So.2d 585 (2000)
Rami SABAWI, Appellant,
v.
Gerald V. CARPENTIER, Citadine, Inc., a Florida Corporation, High Yield Mortgage Investors, LLLP, and Horizon Surveyors of Central Florida, Inc., a Florida Corporation, Appellees.
No. 5D00-1108.
District Court of Appeal of Florida, Fifth District.
September 8, 2000.
*586 Allan P. Whitehead of Frese, Nash & Hansen, P.A., Melbourne, for Appellant.
Mike Krasny of Krasny & Dettmer, P.A., Melbourne, for Appellee, High Yield Mortgage Investors, LLLP.

ON MOTION TO STRIKE ANSWER BRIEF
PER CURIAM.
The appellant has moved to strike the answer brief of the appellee as violative of Florida Rule of Appellate Procedure 9.210. We agree with the appellant that appellee's restatement of the case and of the facts is unduly argumentative. The purpose of providing a statement of the case and of the facts is not to color the facts in one's favor or to malign the opposing party or its counsel but to inform the appellate court of the case's procedural history and the pertinent record facts underlying the parties' dispute. Moreover, a restatement of same is discouraged except when necessary to intelligibly specify the areas of disagreement in the statement of the case and facts set forth by the appellant. Amendments to the Florida Rules of Appellate Procedure, 696 So.2d 1103 (Fla. 1996).
The appellee here begins its "restatement of the case" with the following statement unsubstantiated by anything in the record:
This case involves two business partners who double-crossed each other.
One partner is in prison and the other is attempting to keep a mortgage company from foreclosing a mortgage on corporate real property by raising hyper-technical defenses to the unlawful conduct in which both he and his partner were engaged.
A further example of appellee's arguing in its restatement is: "High Yield Mortgage claims that the title to the real property remained in Citadine irrespective of the shenanigans between the partners; that Sabawi's deed to himself was a nullity or voidable, because he was without authority to divest Citadine of its assets."
Appellant's motion to strike is granted. Appellee shall serve an amended brief within ten days which deletes the legal argument contained in the statement of the case and facts and which includes pinpoint citations to the record on appeal substantiating each restatement made in the brief. Williams v. Winn-Dixie Stores, Inc., 548 So.2d 829 (Fla. 1st DCA 1989).
MOTION GRANTED.
HARRIS, SAWAYA and PLEUS, JJ., concur.