ORFINGER, R.B., J.
Appellant, Rami Sabawi (Sabawi), appeals a final judgment in favor of Appellee, High Yield Mortgage Investors, LLLP (High Yield) on its mortgage foreclosure claim and a non-final order of the circuit court denying his motion for summary judgment on his claims for quiet title, slander of title 'and declaratory relief. This court has jurisdiction pursuant to Florida Rule of Appellate Procedure g.lSOfeXSXCXiv).[1]
*1092 Sabawi and Gerald Carpentier (Carpen-tier) executed a joint venture agreement that purported to set forth their respective interests and responsibilities regarding the development of a piece of real property in Brevard County, Florida. Under the joint venture agreement, Sabawi, the owner of the property, was to contribute the property to Citadine, Inc. (Citadine), a corporation formed by Sabawi and Carpentier for the purpose of developing the property. Carpentier was to obtain financing for the development project and coordinate the development of the property. Carpentier was the president and secretary of Cita-dine. Sabawi was its vice-president and treasurer. As agreed, Sabawi conveyed the property to Citadine by quit-claim deed. In the months that followed, Sabawi alleges that he “had difficulty in communicating with Carpentier [and] became concerned with Carpentier’s credibility.” Because of his concerns about Carpentier’s willingness or ability to perform his obligations under the joint venture agreement, Sabawi, in his capacity as vice-president of Citadine, executed a deed purporting to convey the property from Citadine back to himself.[2]
On August 8,1998, when Carpentier was in the final stages of obtaining mortgage financing on the property, Carpentier learned that Citadine no longer had title to the property. This of course prevented Citadine from closing on the mortgage unless it regained title to the property. Shortly thereafter, a deed was executed, purportedly by Sabawi, conveying the property from Sabawi back to Citadine. Sabawi alleges that his signature on this deed was forged by Carpentier.[3]
On August 11, 1998, Carpentier, in his capacity as president of Citadine, executed a promissory note and mortgage encumbering the property to secure a loan from Levie Funding, Inc. (Levie). Levie then assigned the note and mortgage to High Yield. Citadine failed to pay the first installment due on September 11, 1998, as well as all subsequent installments.
Sabawi then filed suit against Carpen-tier, Citadine and High Yield seeking to quiet title and for slander of title and declaratory judgment. High Yield answered and filed a cross-claim for foreclosure against Carpentier and Citadine and joined Sabawi. Carpentier and Citadine answered and filed counterclaims against Sabawi to quiet title and for conversion, unjust enrichment and specific performance of the joint venture agreement.
Sabawi and High Yield then filed motions for summary final judgment with supporting affidavits. The trial judge found that there were no genuine issues of material fact, granted summary final judgment of foreclosure in favor of High Yield and denied Sabawi’s motion for summary final judgment. This appeal ensued.
By filing its motion for summary judgment, High Yield undertook the burden of demonstrating the non-existence of any material disputed fact, including whether the property was owned by Cita-dine at the time Citadine purported to encumber the property to secure the mortgage. If even the slightest doubt exists as to any issue of material fact, a summary judgment must be reversed. See Beary v. Gay, 732 So.2d 478, 480 (Fla. 5th DCA 1999). On the record before us, we find the existence of material issues requiring resolution at trial. At a minimum, the trial court must determine 1) the legal effect of the deed from Citadine to Sabawi; 2) Sabawi’s authority to execute that deed without Carpentier’s consent; and 3) whether the deed from Sabawi back to Citadine was a forgery. A forged deed provides no protection to those claiming *1093 under it. McCoy v. Love, 382 So.2d 647, 648 (Fla.1979).
Accordingly, we reverse the final judgment in favor of High Yield foreclosing the mortgage and remand the matter to the trial court for further proceedings consistent herewith.[4]
REVERSED AND REMANDED.
COBB and SAWAYA, JJ., concur.

. Appellees assert that this court does not have jurisdiction as appellant is attempting to *1092 appeal a non-appealable, non-final order. This argument was previously considered and rejected by this court. See Sabawi v. Carpentier, 767 So.2d 585 (Fla. 5th DCA 2000).

. Although the deed was dated May 28, 1998, it was not recorded until June 24, 1998.

. Carpentier denied forging Sabawi's signature but was later convicted of the forgery.

. Because of our ruling; we do not need to consider the remaining issues raised by the parties.